# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IDEAL SLEEVES INTERNATIONAL, INC., | ) | Case No. 23-bk-01418 |
| | ) | |
| Debtor | ) | |
| | ) | |
| Tax I.D. No. 20-8414017 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| R.B. DWYER CO., INC., | ) | Case No. 23-bk-01420 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 33-065298 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COLOR CRAFT FLEXIBLE PACKAGING, LLC, | ) | Case No. 23-bk-01421 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4756850 | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF THEIR RELATED
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Ideal Sleeves International, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[1] respectfully state the following in support of this motion.

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form submitted herewith (the "Order"): (a) directing procedural consolidation and joint administration of their related chapter 11 cases; and (b) granting related relief. Specifically, the Debtors request that the Court maintain one file and one docket for all of these chapter 11 cases under the case of R.B. Dwyer Co., Inc. and that these chapter 11 cases be administered under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| R.B. DWYER CO., INC., et al., | ) Case No. 23-bk-01420 |
| Debtors. | ) (Jointly Administered) |

1  The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: R.B. Dwyer Co., Inc. (6850), Ideal Sleeves International, Inc. (4017), and Color Craft Flexible Packaging, LLC. (6850).

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. Additionally, the Debtors request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than on the docket of the case of R.B. Dwyer Co., Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and L.B.R. 1015-1 directing joint administration of the chapter 11 cases of R.B. Dwyer Co., Inc., Ideal Sleeves International, Inc. and Color Craft Flexible Packaging, Inc. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-bk-01420.

## Jurisdiction and Venue

4.  The United States Bankruptcy Court for the Middle District of Pennsylvania (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  The bases for the relief requested herein are sections 105(a) and 342 of the Bankruptcy Code, Bankruptcy Rule 1015(b), and L.B.R. 1015-1.

## Background

7.  On June 26, 2023 (the "Petition Date"), the Debtors filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

8.  The Debtors are operating their respective businesses and managing their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## Basis for Relief

9.  Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  The nine Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.

Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Further, L.B.R. 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases.

11. Joint administration is generally non-controversial, and courts in this and other districts routinely order joint administration in cases with multiple related debtors.

12. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. The Debtors operate as an integrated business with common ownership and control. The Debtors also share financial and operational systems. As a result, many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. Joint administration will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the United States Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

14. The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee; (b) the holders of the 20 largest unsecured claims against the Debtors on a consolidated basis; (c) all parties asserting liens against the Debtors' assets; (d) the United States Attorney's Office for

Case 5:23-bk-01421-MJC    Doc 9    Filed 06/26/23    Entered 06/26/23 15:46:04    Desc
Main Document    Page 4 of 5

the Middle District of Pennsylvania; (e) the Internal Revenue Service; and (f) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

15. No prior request for the relief sought in this motion has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: June 26, 2023 */s/ Jeffrey Kurtzman*
Jeffrey Kurtzman, Esquire
**KURTZMAN | STEADY, LLC**.
555 City Avenue, Suite 480
Bala Cynwyd, PA 19004
Telephone: (215) 839-1222
Facsimile: (609) 482-8011
Email: kurtzman@kurtzmansteady.com

*Proposed Co-Counsel to the Debtors and Debtors-in-Possession*