UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| R.B. DWYER CO., INC., | : | Case No. 5:23-bk-01420-MJC |
| IDEAL SLEEVES INTERNATIONAL LLC | : | Case No. 5:23-bk-01418-MJC |
| COLOR CRAFT FLEXIBLE PRINTING, LLC, | : | Case No. 5:23-bk-01421 |
| | : | (Jointly Administered) |
| DEBTORS-IN-POSSESSION. | : | |
| COLOR CRAFT FLEXIBLE PRINTING, LLC, | : | |
| Objector, | : | |
| v. | : | |
| GUARANTY BANK & TRUST CO., | : | |
| Respondent. | : | |

**OBJECTION OF COLOR CRAFT FLEXIBLE PRINTING, LLC TO CLAIM NO. 15 FILED BY GUARANTY BANK & TRUST CO. TO 11 U.S.C. §§502(a) AND 544 AND <u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 3007</u>**

TO: THE HONORABLE MARK J. CONWAY,
UNITED STATES BANKRUPTCY JUDGE:

Color Craft Flexible Printing, LLC, by and through its undersigned counsel, hereby files this objection to proof of claim no 15 (the "Claim") filed by Guaranty Bank & Trust Co. ("Guaranty" or the "Claimant") pursuant to 11 U.S.C. §§502(a) and 544 and Federal Rule of Bankruptcy Procedure 3007, and respectfully represents as follows:

**<u>INTRODUCTION</u>**

1. On June 26, 2023 (the "Petition Date"), the Debtor, together with its above-captioned affiliates, filed a voluntary petition for reorganizationunder Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code).

2. The Debtor is a limited liability company organized and existing under the laws of the State of Tennessee.

3. On September 7, 2023, Guaranty filed the Claim. A copy of the Claim is annexed hereto and made a part hereof as Exhibit "A".

4. The Claim asserts that the Debtor's indebtedness to Guaranty is secured by substantially all of the Debtor's assets pursuant to the respective terms of a security agreement and a UCC-1 financing statement based on certain loans, advances and extensions of credit made in 2017. See, Claim, section 9.

5. For the reasons hereinafter set forth, the Debtor objects to the Claim, which should be reclassified as a general unsecured claim against the Debtor.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

**A.  The Claim is Not Subject to a Perfected Security Interest.**

6. In support of the Claim, Guaranty has submitted, among other documents, a UCC-1 financing statement recorded in Tennessee on January 31, 2017 at 10:17 a.m. (the "Original Financing Statement"). A copy of the Original Financing Statement is annexed hereto and made a part hereof as Exhibit "B".

7. As in Pennsylvania, the Tennessee law of secured transactions is governed by the Uniform Commercial Code.

8. Pursuant to Tennessee Code §47-9-310(a), Tennessee requires that, in order to perfect a security interest in personal property collateral, a financing statement must be filed in the applicable Tennessee recording office.

9. Pursuant to Tennessee Code §47-9-515(a), a properly recorded financing statement is effective for a period of five years.

**10.** Pursuant to Tennessee Code §47-9-515(c), the financing statement may be continued for an additional five-year period based upon the secured party's timely filing of a continuations statement. In this regard, Tennessee Code §47-9-515(e) provides, in relevant part, that:

> **(e) Effect of filing continuation statement**. Except as otherwise provided in §47-9-510, upon timely filing a continuation statement, the effectiveness of the initial financing statement continues for a period of five (5) years commencing on the day on which the financing statement would have become ineffective in the absence of the filing. Upon the expiration of the five-year period, the financing statement lapses in the same manner as provided in subsection (c), unless, before the lapse, another continuation statement is filed pursuant to subsection (d).

11. In turn, subsection (d) of Tennessee Code §47-9-515 specifies when a continuation statement may be filed:

> **(e) When continuation statement may be filed**. A continuation statement may be filed *only* within six (6) months *before* the expiration of the five-year period specified in subsection (a)…(Emphasis added).

12. By operation of the Uniform Commercial Code, as enacted in Tennessee, therefore, the Original Financing Statement would lapse on January 31, 2022 at 10:17 a.m. unless continued in accordance with applicable law within six months prior to such date

13. Annexed hereto and made a part hereof as Exhibit "C" is the continuation statement filed by Guaranty. As reflected on that document, the continuation statement was filed on January 31, 2022 at 4:10 p.m., approximately six hours after the Original Financing Statement

lapsed. The timing of such filing is critical in determining whether the Original Financing Statement lapsed and, consequently, whether Guaranty had a valid, perfected security interest in assets of the Debtor as of the Petition Date.

14. Using Tennessee's Article 9 as the reference point, the answer is clear.

15. While Guaranty could have continued its security interest by filing a continuation statement at any time during the six-month period preceding the January 31, 2022 lapse date, it did not do so until after the Original Financing Statement lapsed at 10:17 a.m. on January 31, 2022. In that regard, Tennessee law makes it clear that the failure timely to continue the Original Financing Statement resulted in its lapse on the fifth anniversary of the filing.

16. By reason of the foregoing, Guaranty held an unperfected security interest against the Debtor as of the Petition Date, which cannot be enforced against the Debtor pursuant to the "strong arm" hypothetical lienholder status afforded to the Debtor under §544(a) of the Bankruptcy Code.

17. Accordingly, the Debtor seeks an order under §§502 and 544 of the Bankruptcy Code reclassifying the Claim as a general unsecured claim, without prejudice to the Debtor's right to object to the Claim (including the amount thereof) on any other grounds.

**B.** **The Legal Standard.**

18. The filing of a proof of claim constitutes *prima facie* evidence of the validity of the claim. *See* 11 U.S.C. §502(a). However, once an objecting party submits sufficient evidence to place the claimant's entitlement at issue, the burden of going forward with the evidence to sustain the claim shifts to the claimant or its assignee. These shifting burdens of proof are described by the Third Circuit as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. §502(a) rests on different parties at different

times. Initially, the claimant must allege facts sufficient to support the claim. If averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant.

In re Allegheny Intern., Inc., 954 F.2d 167, 173-74 (3d Cir. 1992) (internal citations omitted).

19. Here, the Debtor has come forward with evidence rebutting the assertion that Guaranty holds a valid, perfected secured claim against the Debtor based on the facts and the law set forth above.

## CONCLUSION

20. For the foregoing reasons, the Claims should be reclassified as a general unsecured claim as described herein.

WHEREFORE, Color Craft Flexible Printing, LLC respectfully requests the entry of an order pursuant to 11 U.S.C.§ §502(a) and 544 reclassifying the Claim, and granting such other and further relief as is just and proper.

Dated: September 12, 2023        Respectfully submitted,

**KURTZMAN | STEADY, LLC**
By: _/s/ Jeffrey Kurtzman_
    Jeffrey Kurtzman, Esquire
    555 City Avenue Suite 480
    Bala Cynwyd, PA 19004
    Telephone: (215) 839-1222
    Email: kurtzman@kurtzmansteady.com
  Attorneys for Debtors-in-Possession